IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| ALAN CHEN, | ) | 3:12-cv-194-PA |
| | ) | **ORDER** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BANK OF AMERICA, N.A.,; | ) | |
| RECONTRUST COMPANY, N.A.; and | ) | |
| FEDERAL NATIONAL MORTGAGE | ) | |
| ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | |

**PANNER, J.**

Defendants move to dismiss this action challenging a completed non-judicial foreclosure sale. Defendants motion (#12) is GRANTED. This action is dismissed, with prejudice. Plaintiff's motion for leave to file an amended complaint (#46) is DENIED.

### Background

Plaintiff admits obtaining a loan, secured by a deed of trust, to purchase the real property at issue. Plaintiff admits defaulting on the obligation. Plaintiff admits receiving prior notice of defendants' intention to foreclosure plaintiff's interest in the property via a non-judicial foreclosure sale.

1 - ORDER

Specifically, at oral argument, plaintiff admitted receiving a Notice of Default and Election to Sell. Finally, plaintiff admits defendants sold the home at a trustee's sale. Following the trustee's sale and the recording of the trustee's deed, plaintiff filed this action challenging the sale.

Plaintiff alleges defendants failed to record all assignments of the deed of trust and that MERS lacked the authority to assign the deed of trust. Plaintiffs also allege the Notice of Default and Election to Sell was neither signed nor dated by a notorial officer. Plaintiff seeks declaratory relief stating defendants violated the Oregon Trust Deed Act and "Declaratory judgment setting aside, voiding and invalidating the non-judicial foreclosure . . . ." (Compl. 11.)

### **Standard**

On a motion to dismiss, the court must review the sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient facts that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). This plausibility standard requires the pleader to present facts that demonstrate "more than a sheer possibility" that defendant is liable for the alleged misconduct. Id.

In considering a motion to dismiss, a court must distinguish between the factual allegations and legal conclusions asserted in the complaint. Id. All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving

2 - ORDER

party. American Family Ass'n, Inc. v. City & County of San

Frncisco, 277 F.3d 1114, 1120 (9th Cir. 2002). At the pleadings

stage, "a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and

conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

(2007). Therefore, if the well-pleaded factual allegations

plausibly give rise to the relief sought, a court shall deny the

motion to dismiss. Iqbal, 129 S.Ct. at 1950.

## Discussion

After briefings and arguments in this case, I issued an

opinion in a case involving similar issues. See Mikityuk v.

Northwest Tr. Servs., Inc., 2013 WL 3388536 (D. Or.). There,

plaintiffs waited nineteen months after the sale before filing

the complaint. Id. at *1. After examining both ORS 86.770(1),

which states the trustee's sale "forecloses and terminates" one's

property interest in certain scenarios, and the dual objectives

of the Oregon Trust Deed Act, I concluded:

> The legislature provided notice and reinstatement
> provisions to protect grantors against the threat of
> wrongful foreclosure. [Staffordshire Investments, Inc.,
> v. Cal-Western Reconveyance Corp., 209 Or. App. 528,
> 542 (2006).] Voiding the sale here would encourage
> grantors who receive notice of a sale to sit on their
> rights, rather than compelling grantors to bring pre-
> sale challenges to a trustee's sale. Grantors are wise
> to raise any challenges to non-judicial foreclosure
> proceedings, including challenges based on ORS 86.735,
> before the statutory presumption of finality contained
> in ORS 86.780. Post-sale challenges run the risk of
> being barred, as is the case here, because the
> grantors' interest in the property was "foreclosed and
> terminated" pursuant to ORS 86.770(1).

Mikityuk, 2013 WL 3388536 at *10.

Like the plaintiffs in Mikityuk, plaintiff's challenges to

the non-judicial foreclosure sale here are barred. As plaintiff

3 - ORDER

received advance notice of the sale, his interest in the property was "foreclosed and terminated." ORS 86.770(1). Plaintiff's argument that notice here was ineffective because it was not signed and dated by a notorial officer is meritless. The time to make such a challenge is long passed. As discussed in Mikityuk, the notice provisions of the Oregon Trust Deed Act reflect the legislature's intent to provide those whose property interests could be affected by a trustee's sale sufficient time to act to protect those interests before the sale. 2013 WL 3388536 at *6 (citing Staffordshire Investments, Inc. V. Cal-Western Reconveyance Corp., 209 Or. App. 528, 542 (2006); NW Property Wholesalers, LLC v. Spitz, 252 Or. App. 29, 34 (2012)).

Although plaintiff here had sufficient time to raise any of the current challenges before the sale, he chose instead to raise such challenges after the trustee's sale and recording of the trustee's deed. Plaintiff's challenges to the trustee's sale are barred, as plaintiff's interest in the property was "foreclosed and terminated." Mikityuk, 2013 WL 3388536 at *10; ORS 86.770(1). For the reasons discussed in Mikityuk, this action is dismissed, with prejudice.

Additionally, plaintiff's request for leave to file an amended complaint [#46] is denied. Plaintiff seeks to amend the complaint, purportedly to align with the recent Oregon Supreme Court opinions in Brandrup v. ReconTrust Co., 353 Or. 668 (June 6, 2013) and Niday v. GMAC Mortgage, LLC, 353 Or. 648 (June 6, 2013). Those opinions concerned MERS and the Oregon Trust Deed Act. An amended complaint, however, would be futile. Brandrup and Niday dealt with pre-sale challenges to non-judicial foreclosure

4 - ORDER

sales. Neither case affects the outcome here, where plaintiff's claims are barred due to ORS 86.770(1). <u>See</u> <u>Mikityuk</u>, 2013 WL 3388536 at *1 n.2.

### Conclusion

Defendant's motion to dismiss (#12) is GRANTED. This action is dismissed, with prejudice. Plaintiff's motion for leave to file an amended complaint (#46) is DENIED.

IT IS SO ORDERED.

DATED this __25__ day of July, 2013.

Owen M. Panner
United States District Judge